IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CASS LEE BUTTERSWORTH,<br><br>    Plaintiff<br><br>  VS.<br><br>JIM WETHERINGTON, *et al.*,<br><br>    Defendants | NO 1: 03-CV-146 (WLS)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U.S. MAGISTRATE JUDGE |

# O R D E R

Before the court is the motion of W. Ray Persons, Attorney at Law, who has been appointed by the court to represent the interest of plaintiff CASS LEE BUTTERSWORTH herein, seeking leave of this court to file a *second* recast complaint. Tab #51. In truth, the proposed Recast Complaint would be the *first* such complaint since the court rejected the earlier ("first") Recast Complaint submitted by plaintiff BUTTERSWORTH. See Tab #42.

By the court's order of March 31, 2005, (Tab #50), the court authorized Mr. Persons to represent plaintiff BUTTERSWORTH. That order provided, *inter alia*:

> The court notes that a **MOTION FOR SUMMARY JUDGMENT** (Tab #33) is pending herein. Counsel shall have **FORTY-FIVE (45) DAYS** from the date of receipt of this order in which to review the file *and* to file a response on behalf of Mr. Buttersworth. *Such other pleadings, motions, etc. as counsel may determine to be necessary to the prosecution of the plaintiff's claim shall also be filed within this time period.* (Footnote omitted). (Emphasis added).

Counsel for plaintiff has determined that it is in the best interest of his client that his original complaint be recast. The court finds that it is also in the interest of all the parties that a complaint fashioned by an attorney be utilized in lieu of the complaint tendered by plaintiff BUTTERSWORTH. Accordingly, notwithstanding objections raised by the defendants, the undersigned directs counsel for plaintiff to file FORTHWITH the SECOND RECAST COMPLAINT which shall supersede any previously submitted complaints and amendments.

The court is aware that defendants have submitted a MOTION FOR SUMMARY JUDGMENT herein. Tab #33. The court also notes that by order of March 31st, counsel for plaintiff was directed to file a response thereto. Tab #50. However, that order also authorized plaintiff's newly appointed counsel to submit such other pleadings, motions, etc. as counsel determined to be necessary to the prosecution of plaintiff's claim. Counsel has elected to submit the Second Recast Complaint. This is not uncommon in cases wherein counsel is belated provided to inmates who had been proceeding *pro se*.

Accordingly, IT IS ORDERED AND DIRECTED that the MOTION FOR SUMMARY JUDGMENT (Tab #33) filed on behalf of the defendants be, and it is **DENIED** *without prejudice* to the right of the defendants to resubmit the same after further development of this case.[1] Upon the filing of the SECOND RECAST COMPLAINT by counsel for the plaintiff and service upon counsel for the defendants, the defendants shall have **SIXTY (60) DAYS** to file responsive pleadings.

It is the intention of the court to basically "start over" in this case with the filing of plaintiff's Second Recast Complaint.[2] Discovery shall recommence upon the filing of responsive pleadings by the defendants.

SO ORDERED, this 4th day of MAY, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Although this is not a full consent case, the undersigned views it unnecessary to "recommend" denial of the motion for summary judgment in light of the fact that the defendants will be permitted to refile it at a later time; i.e., this order is not "dispositive" of the motion since the merits of the motion have yet to be considered.

[2] The court will not revisit claims already dismissed, however.