IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

CASS LEE BUTTERSWORTH,

                Plaintiff

VS.                              NO. 1:03-CV-146 (WLS)

JIM WETHERINGTON, *et al.*,

                Defendants       **PROCEEDINGS UNDER 42 U.S.C. §1983**
                                            **BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Before the court is the defendants' renewed motion seeking summary judgment against the plaintiff in the above-styled case. Tab #89. The motion is supported by a brief (Tab #90), a Statement of Undisputed Material Facts (Tab #91), and a number of exhibits (Tab #33). Plaintiff CASS LEE BUTTERSWORTH has responded to the defendants' motion, and his response is accompanied by a number of exhibits and a response to the defendants' statement of facts. Tabs #93 and #94.

At issue is whether the defendants should be held liable for failure to protect the plaintiff from an attack coming from other inmates while he was incarcerated at Calhoun State Prison.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* **Warrior Tombigbee Transportation Co. v. M/V Nan Fung**, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* **Van T. Junkins & Assoc. v. U.S. Industries, Inc.**, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. **Hairston v. The Gainesville Sun Publishing Co.**, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. **Welch v. Celotex Corp.**, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. **Clark v. Coats & Clark, Inc**., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

# FACTS

As noted above, facts must be taken in the light most favorable to the non-moving party, in this case, plaintiff CASS LEE BUTTERSWORTH. However, the facts in this case are largely undisputed, to-wit: plaintiff BUTTERSWORTH was assaulted at Calhoun State Prison on the morning of October 9, 2002, as he walked through the east yard towards the prison's dining hall for breakfast. He was assaulted and beaten by three inmates who used combination locks and "shanks" (crudely made knives) in their attack. There were no prison guards or officials within eyesight of the assault, and no guard was even alerted to the fact that there was an altercation until he heard loud noises coming from the direction of the attack. The guard did not get into the yard until the beating had concluded and the assaulters had fled the scene. As a result of the beating, plaintiff was taken to a hospital where he was treated for fractures to his nose, eye, and wrist; soft tissue trauma; and abrasions, lacerations, and contusions.

Plaintiff BUTTERSWORTH has also submitted evidence showing that over **eighty** inmate-on-inmate assaults were reported at Calhoun State Prison in the ten months preceding the assault on him, and that at least three of the other assaults involved combination locks' being used as weapons. *See* Plaintiff's Memorandum in Opposition to Defendants' Renewed Motion for Summary Judgment, Tab #93, specifically exhibits at Tab #93-7 through -12.

# DISCUSSION

The defendants have focused their argument on whether they knew of a specific risk of danger to the plaintiff from the specific inmates who attacked him. But as made clear by the Supreme Court, a prison official may not "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." ***Farmer v. Brennan***, 511 U.S. 825, 844 (1994).

*Farmer* is the seminal case involving inmate on inmate violence. It holds that a prison official can be held liable "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. Officials must "take reasonable measures to guarantee the safety of the inmates" under their control. *Id.* at 832.

The factual issue now before this court is whether the defendant officials took "reasonable measures to guarantee the safety" of plaintiff Buttersworth. After a review of the evidence and pleadings, the undersigned is persuaded that questions of fact exist in this case which preclude the granting of summary judgment. Specifically, it must be determined whether the defendants acted reasonably in (1) continuing to issue combination locks and other items that could be fashioned into weapons after they became aware of multiple assaults using such tools in the months before the instant attack, and (2) leaving a large open area unsupervised and unmonitored at a time when there is heavy traffic and the likelihood of assault more likely, particularly in light of a history of assaults at the institution.

In addition to the objective reasonableness test, a plaintiff must show that prison officials had a *subjective* knowledge of the risk of danger and harm. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact . . ." *Farmer*, 511 U.S. at 842. That question of fact cannot be resolved at this point in this case.

The defendants have also asserted that the plaintiff's claim fails because he rests his case on the theory of *respondeat superior* which will not support a claim under §1983. This argument is unavailing. Section 1983 requires that suit be brought against a person. Such precludes the plaintiff from suing the Department of Corrections or the prison. By virtue of that fact, the plaintiff must sue the individual "persons" who exhibited deliberate indifference toward him. A review of the evidence herein suggests that a finder of fact could find some or all of the defendants deliberately indifferent to the conditions of the prison which any or all of them could have known to represent a substantial risk of serious harm.

## QUALIFIED IMMUNITY

The defendants have asserted the defense of qualified immunity which shields government officials from suit if they did not violate a federal law or right that had been clearly established at the time of the alleged violation. However, the duty of prison officials to provide a reasonable measure of safety has been clearly established by the Supreme Court since at least 1984 (*see* **Hudson v. Palmer**, 468 U.S. 517 (1984)). Indeed, other defendants have been denied qualified immunity by the Eleventh Circuit Court of Appeals under a similar set of circumstances. **Marsh v. Butler County**, 268 F.3d 1014 (2001). Accordingly, IT IS RECOMMENDED that the defendants be DENIED qualified immunity.

## ELEVENTH AMENDMENT IMMUNITY

The defendants have also asserted Eleventh Amendment immunity which creates a jurisdictional bar to suits against the state unless the state waives its immunity. Eleventh Amendment immunity is appropriate in this case for all defendants sued in their *official* capacities. Accordingly, IT IS RECOMMENDED that summary judgment be GRANTED as to all defendants in their **OFFICIAL** capacities.

## PRISON LITIGATION REFORM ACT

Finally, the defendants have asked that this case be dismissed, citing the plaintiff's failure to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act of 1995. However, plaintiff BUTTERSWORTH has asserted that he was denied his requests for leave to file a grievance, and the defendants have failed to provide any evidence to rebut that assertion. Accordingly, IT IS RECOMMENDED that defendants' request to dismiss this action for failure to exhaust administrative remedies be DENIED.

## CONCLUSION

Because questions of fact exist as to whether the defendants performed their constitutional duty to take reasonable measures to protect plaintiff , IT IS RECOMMENDED that the Defendants' Renewed Motion for Summary Judgment (Tab #89) be **DENIED** as to all defendants in their individual capacities. It is further RECOMMENDED that summary judgment be GRANTED to the defendants in their official capacities.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to the RECOMMENDATIONS hereinabove set forth **WITHIN TEN (10) DAYS** after being served with a copy thereof, directed to the district judge to whom this case is assigned.

SO RECOMMENDED this 24th day of JULY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE